William A. Whittle
State Bar No. 21407000
Federal Admissions No. 9285
THE WHITTLE LAW FIRM, PLLC
5151 Flynn Pkwy., Suite 308
Corpus Christi, Texas 78411
Telephone: (361) 887-6993
Telecopier: (361) 887-6999
w.whittle@whittlelawfirm.com

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE:<br>    HERMAN E. HOFFMAN, JR.<br><br>    DEBTOR | § § § § § § | CASE NO. 16-32617<br><br>(CHAPTER 12) |
| HERMAN E. HOFFMAN, JR.<br><br>    PLAINTIFF<br><br>Vs.<br><br>LESLIE "BUDDY" MAYBIN<br>AND<br>KELLY MAYBIN<br><br>    DEFENDANT | § § § § § § § § § § § § § § | ADVERSARY NO. 16-032617 |

**THIS MOTION SEEKS AND ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

## MOTION FOR RULING ON THE PLEADINGS

TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:

NOW COMES HERMAN E. HOFFMAN, JR. ("Plaintiff"), who filed his Original Complaint against Defendants Leslie Maybin and Kelly Maybin and files this Motion for Ruling On the Pleadings and states as follows:

1. The Defendants filed no Proof of Claim for past wages in Case No. 16-32617 in the Houston Division of the Southern District of Texas, the bankruptcy case from which this adversary is derived. By their failure to file a claim for past wages for Leslie Maybin, the Defendants waived such a claim. The sole remedy for asserting an affirmative right for prepetition debt is to file a proof of claim. Brown v. Rosen, 56 BR 214(Dist Ct. Mass, 1985)

2. The Defendants filed no affirmative defense of payment or counterclaim in this case for past due wages. Plaintiff requests this court find in favor of the Plaintiff regarding this matter on the pleadings filed by Plaintiff because Defendants failed to properly plead an affirmative defense or counterclaim as required by FRCP 13. A pleading may state as a counterclaim against an opposing party any claim that is not compulsory." Defendants have alleged only a permissible counterclaim through examination via only a "bare whisper", but have failed to comply with the Rules of Court. Rules of pleading apply equally to answers as they do complaints. This is true not only with respect to the sentence-by-sentence admission or denial of allegations, but also as to the affirmative defenses.[1]

Defendants provided in their answer to Plaintiff's complaint only a line-by-line denial, and asserted no defenses. Then, when testifying in court, Defendant Leslie Maybin alleged an

---

[1] The affirmative defense of payment must be pled, and a court may strike an affirmative defense that is insufficient on its face. Heller Fin., Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1294 (7th Cir. 1989).

old wages debt for a defense of his conversion. Plaintiff, absent a "fair notice pleading" is unable to accept Defendant's "bare whisper" of a claim without being granted opportunity to test the validity and truth of defendants claim through the proper and lawful crucible of judicial procedure and due process through a properly pled answer or counterclaim compliant with FRCP 13 [2].

Even though no such pleadings have been made in this case, there are situations which may avail themselves to circumstances by which the mere pleading of an affirmative defense may be worthy of consideration by the court, but a "fact specific" inquiry is required and necessary in order to determine the validity of the claim [3]. Plaintiff has been precluded from such an inquiry by the lack of a valid pleading by the Defendants. The allegation of payment made in response to a question by counsel for the Plaintiff was a real surprise. Further, it is not for Plaintiff or the Court to seek out affirmative defenses in favor of a defendant, but it is the Defendants who bear the burden of properly pleading and proving their affirmative defenses [4].

Defendants have no properly plead affirmative defenses or counterclaims in this case. The allegation of payment would require a compulsory counterclaim because it arises from the

---

[2] Courts in the Fifth Circuit largely apply the "fair notice" pleading standard for affirmative defenses set forth in Woodfield v. Bowman, 193 F.3d 354 (5th Cir.1999) and requires that affirmative defenses plead "enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." Such pleading gives the opposing party fair notice of the nature of the affirmative defense and prevents unfair surprise. Mary Kay, Inc. v. Dunlap, 2012 WL 2358082 (N.D. Tex. June 21, 2012) (citing SEC v. Cuban, 798 F. Supp. 2d 783, 795 n. 1 (N.D. Tex. 2011)).

[3] Although the court in Woodfield noted that in some instances merely pleading the name of the affirmative defense may be sufficient, a "fact-specific inquiry" is required to determine whether the pleadings set forth the "minimum particulars" needed to ensure the plaintiff is not the victim of unfair surprise. Mary Kay v. Dunlap, 2012 WL 2358082 (citing Woodfield); See also E.E.O.C. v. Courtesy Bldg. Services, Inc., 2011 WL 208408 (N.D. Tex. June 21, 2012) (striking barebone assertions of waiver and estoppel) (citing Woodfield, 193 F.3d at 362); Software Publrs. Ass'n v. Scott & Scott, LLP, 2007 WL 2325585, at *2 (N.D.Tex. Aug.15, 2007); TracFone Wireless, Inc. v. King Trading, Inc., 2008 WL 4826035, at *1–2 (N.D.Tex. 2008));

[4] Ducre v. Mine Safety Appliances, 963 F.2d 757, 760 (5th Cir. 1992). Though generally disfavored, a decision whether to grant a motion to strike is within the discretion of the court. Jacobs v. Tapscott, 2004 WL 2921806, *2 (N.D. Tex. Dec. 16, 2004) (citing FDIC v. Niblo, 821 F. Supp. 441, 449 (N.D. Tex. 1993)). Defendants have the burden of proving their affirmative defenses.

same set of circumstances as the original suit. Defendants have brought no compulsory counterclaim.

Furthermore, Defendants' bare testimony of money owed to Leslie Maybin in the past which is not supported by any specific dates, documents or credible testimony is only available as a permissible counterclaim because it can stand on its own merits in a separate action. If, as Defendants claim, Leslie Maybin was owed wages by Plaintiff, this matter should be properly brought in as a claim against the estate in the bankruptcy court rather than an offset or payment for the horses he contracted to purchase. A judgment in favor of Plaintiff in this adversary action will not foreclose any properly supported claims that Defendants may file in bankruptcy court.

Defendants have no counterclaims in their pleadings because they are well aware that they have none. Their claim for wages allegedly owed by Plaintiff to Mr. Maybin more than four years in the past the filing of would barred by limitations.

However, this delay in ruling is affecting Plaintiff in several ways. First, it affects Plaintiff's property rights. These horses were purchased from Plaintiff, and the Plaintiff asks this court protect the bankruptcy estate by returning them for the breach of contract and fraudulent conveyance pled. Now that the Court has dismissed another case seeking return of horses, the Plaintiff is being prevented from engaging in his "business plan" for bankruptcy court as these horses are breeding stallions and would generate substantial revenues for the bankruptcy estate.

The standards with which these pleadings must comply are as follows:
. These rules are mandatory in the Southern District of Texas as shown in <u>Twombly</u> and <u>Iqbal</u> and the Defendants bear the burden of proving their affirmative defenses.

. Plaintiff requests this court to find in favor of the Plaintiff regarding this motion on the pleadings of the Plaintiff and because Defendants failed to file a proof of claim and to properly plead an affirmative defense or counterclaim. At the very most, the Defendants have alleged only a permissible counterclaim through oral examination via a "bare whisper", but have failed to comply with the Rules of Court. Rules of pleading apply equally to answers as they do complaints and is true not only with respect to the sentence-by-sentence admission or denial of allegations, but also as to the affirmative defenses.

As Defendants have failed to plead any affirmative defenses to the claims which Plaintiff properly put forth in his original complaint and have failed to plead any counterclaim, judgment the Plaintiff requests a judgment be entered in favor of Plaintiff.

PREMISES CONSIDERED, Plaintiff requests this Court enter judgment for the Plaintiff,

Respectfully submitted,

*William A. Whittle*
State Bar No. 21407000
Fed. Admin. No. 9285
The Whittle Law Firm, PLLC
5151 Flynn Parkway, Suite 308
Corpus Christi, Texas 78411
Telephone 361-887-6993
Telecopier 361-887-6999
w.whittle@whittlelawfirm.com

Certificate of Service

The undersigned hereby certifies that on February 24, 2017, a true and correct copy of this document was served by telecopy to Chuck Portz at 713-223-1901.

*William A. Whittle*